IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, * | |
|  Plaintiff, * | |
| * | |
| VS. * | CRIMINAL NO. 00-056(DRD) |
| * | |
| TEDDY RIVERO-VELEZ * | |
|  Defendant. * | |

* * * * * * * * * * * * * * * * * * *

## MOTION IN COMPLIANCE WITH COURT ORDER

TO THE HONORABLE DANIEL R. DOMINGUEZ
JUDGE - UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COMES NOW, Teddy Rivero Velez, defendant herein, represented by the Federal Public Defender for the District of Puerto Rico and before this Honorable Court respectfully informs the court as follows:

1- The court continued the revocation hearing for the above defendant and ordered the parties involved to determine if Mr. Rivero Velez would qualify for the 500 hour Residential Drug Program offered by BOP.

2- In compliance with the court order, undersigned counsel informs that P.S. 5330.10, Chapter 5, Page 3 states:

> 5.4.1 [a. Eligibility. An inmate must meet all the following criteria to be eligible for the residential drug abuse treatment program.
>
> (1) The inmate must have a verifiable documented drug abuse problem.] Drug abuse program staff shall determine if the inmate has a substance abuse disorder

by first conducting the Residential Drug Abuse Program Eligibility Interview followed by a review of all pertinent documents in the inmate's central file to corroborate self-reported information. The inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the Diagnostic and Statistical Manual of the Mental Disorders, Fourth Edition, (DSM - IV). This diagnostic impression must be reviewed and signed by a drug abuse treatment program coordinator.

Additionally, there must be verification in the Presentence Investigation (PSI) report or other similar documents in the central file which supports the diagnosis. Any written documentation in the inmate's central file which indicates that the inmate used the same substance, for which a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a drug abuse problem.

When a positive urinalysis in the institution is the only documentation of substance use, the inmate shall be referred to drug education or non-residential treatment. While in drug education and/or non-residential drug abuse treatment services, the inmate shall be further observed and examined regarding his/her substance use problem. If counseling indicates the need for more intensive treatment, the inmate may subsequently be referred to a residential drug program.

[(2) The inmate must have no serious mental impairment which would substantially interfere with or preclude full participation in the program.

(3) The inmate must sign an agreement acknowledging his/her program responsibility.] (BP-S550.053 (Attachment B)).

[(4) Ordinarily, the inmate must be within thirty-six months of release.] Inmates are selected for admission to residential programs based upon the time remaining on their sentence. Most inmates will complete residential drug abuse treatment, participate in institution transitional services (if time allows), and then transfer to a CCC. When a residential treatment program is not appropriate due to time constraints, staff may refer the inmate for the institution's non-residential drug treatment (see Chapter 4).

[(5) The security level of the residential program institution must be appropriate for the inmate.] When it is necessary to transfer an inmate to a residential treatment program at another facility, and the security level of that institution is not consistent with the inmate's assigned security level, the drug abuse treatment program coordinator shall ask the unit team to submit a request for redesignation and application of a management variable for program participation to the appropriate Regional Designator. If the request is approved, the Regional Designator shall enter the appropriate management variable into SENTRY. When an inmate completes, fails, withdraws, or is expelled from the residential program, the drug abuse treatment program coordinator shall notify the unit team so that appropriate action can be taken regarding movement or transfer of the inmate (see Chapter 2, Section 2.3).

3- What does RDAP include?

In RDAP, inmates are engaged in group counseling for 3-4 hours per day over a 9 month period. Treatment is delivered by drug abuse treatment specialists, who are supervised by a drug abuse program psychologist.

RDAP participants live together in a housing unit separate from the general population. The cognitive-behavioral program includes components to break down criminal thinking, build rational thinking, improve relationships and interpersonal skills, and help inmates develop a strategy to maintain recovery and a crime-free lifestyle.

After an inmate completes the unit-based phase of the RDAP, he/she must participate in institution and/or community transitional drug abuse treatment. Institution transition includes a review of RDAP when transferred to the general population. The community transition program is required of all inmates who complete the unit-based portion of RDAP and are later transferred to a CCC, usually for six months at the ends of his/her sentence. Community transition includes continued treatment with a community-based treatment provider and a formal treatment report to U.S. Probation when an inmate leaves Bureau custody and transfers to supervised release under U.S. Probation. This ensures a continuity of care for the inmate under supervision.

4-   Interview of Mrs. Aura Watts - USDOJ

If defendant is revoked, he can re-apply for DRAP. It is required that his term of imprisonment be from 24 to 28 month. This because of the time it takes to transport the inmate. Important that the judge recommend in the J&R that the inmate is to receive the program. Inmate must meet all other qualifications of the program. Re-applying does not guarantee acceptance. It depends on the circumstances of the revocation and other inmate needs.

At minimum, inmate must complete the 9 month unit based residential program and the 6 month community transitional services[1] to complete the 500 hour program.

---

[1] 5.2.1 Program Components. The entire residential drug abuse treatment program in the Bureau consists of three components. Successful completion of the residential drug abuse program occurs when the inmate has successfully completed each of these three components:
■ the unit-based residential program lasting between six-to-12 months (minimum 500 hours);

5-   There are other programs by BOP not as intensive as the DRAP available that range from 3 to 9 month. These programs are geared toward self esteem and an understanding of the inmates addiction.

**WHEREFORE**, it is respectfully submitted that defendant can take any number of drug treatment program offered by BOP. If he is transported immediately to a proper BOP facility, his term of imprisonment can be reduced to 12-18 month instead of the maximum allowed by law, in this case of 26 month.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant U.S. Attorney Chuck Walsh and PO Miriam Figueroa.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, September 12, 2008.

**Joseph C. Laws, Jr.**
**Federal Public Defender**

S/Victor González-Bothwell
Victor J. Gonzalez Bothwell
Assistant Federal Public Defender
USDC-PR 219707
241 F. D. Roosevelt Avenue
San Juan, PR   00918
Tel. (787) 281-4922
Fax  (787) 281-4899

---

■ the institution transition phase, which requires participation for a minimum of one hour a month over a period of 12 months after successfully completing the unit-based program (however, if an inmate is scheduled for a transfer to a community based program before he or she can begin or complete the institution transitional services component, this component is not required); and

■ the community transitional services, lasting up to six months when the inmate is transferred to a community corrections center or to home confinement.